By the Court.
Both cases were presented and argued together. The term of the probate judge began on February 9,1921. The statute giving him compensation became effective on September 6, 1921. It is present Section 5348-10a, G-eneral Code (109 O. L., 531), the pertinent provisions of which are as follows: “For services performed by him under the provisions of this chapter each probate judge shall be allowed a fee of five dollars in each inheritance tax proceeding in his court in which tax is assessed and collected and a fee of three dollars in each such proceeding in which no tax is found, which fees shall be allowed and paid to such judges as the other costs in such proceedings are paid but are to be retained by them personally as compensation for the performance by them of the additional duties imposed on them by this chapter.”
In the first case, No. 17474, the probate judge seeks to compel the payment of the fee; in the second, the fee has been paid and a. writ is asked for its repayment. The question presented is whether a probate judge, who was in office when the act giving him increased compensation took effect, is entitled to receive and retain such fees; or is debarred from receiving such additional compensation by reason of the provisions of our constitution. *653 That he was entitled thereto if he took office after the effective date of the law is conceded.
Our decision depends upon the interpretation of Section 20, Article II of the Ohio Constitution, which reads: “The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
(1) Since Section 7, Article IV of the Constitution, provides that probate judges “shall receive such compensation, payable out of the county treasury, as shall be provided by law,” it is argued that no limitation should control legislative action in increasing or diminishing compensation during the existing term of a probate judge. The majority of the court, Judges Hough, Wanamaker, Eobinson, Jones, Matthias and Clark, are of opinion that the provisions of Section 20, Article II, apply to the office of probate judge, where the constitution itself does not fix the term or compensation. State, ex. rel. Metcalfe, v. Donahey, Aud., 101 Ohio St., 490.
(2) Five of the members of this court, Judges Wanamaker, Eobinson, Jones, Matthias and Clark, are of opinion that the writ cannot issue authorizing the compensation sought by the relator, Wanamaker, Eobinson and Clark holding such compensation cannot be allowed probate judges in office when the act providing for payment of such compensation was passed, whether or not additional duties were then assigned to them, and Jones and Matthias holding that as the duties of probate judges were not increased or new duties assigned to them contemporaneously with the passage of the act providing for *654 such increased compensation probate judges in office at the time of the enactment of such statute are not entitled to the benefit of its provisions. The five judges named, therefore, join in denying the writ.
(3) All the members of the court are of opinion that in ease No. 17475 the writ should be denied, for the reason that mandamus is not the proper remedy in such case.

Writ denied in Case No. 17474.

Writ denied in Case No. 17475.

Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur in case No. 17474.
Marshall, C. J., Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur in case No. 17475.